United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARJORIE HESS,

    Plaintiff,

    v.

ASTRAZENECA PHARMACEUTICALS, L.P., et al.,

    Defendants.
_____/

No. C 06-0572 PJH

**ORDER DENYING OMNIBUS REQUEST FOR DISMISSALS**

This document also relates to:

Buchanan v. Astrazeneca Pharm. et al. (C 06-623 PJH)
Shearman v. Astrazeneca Pharm. et al. (C 06-1311 PJH)
Niemann v. Astrazeneca Pharm. et al. (C 06-1315 PJH)
Naramore v. Astrazeneca Pharm. et al. (C 06-1394 PJH)
Birkner v. Astrazeneca Pharm. et al. (C 06-1403 PJH)
Gaiman v. Astrazeneca Pharm. et al. (C 06-1500 PJH)
Coppola v. Astrazeneca Pharm. et al. (C 06-1531 PJH)
_____/

    The court is in receipt of plaintiffs' motion for administrative relief, filed July 14, 2006, seeking an omnibus order approving dismissal of all above-referenced cases. Having carefully reviewed the request and defendants Astrazeneca Pharmaceuticals' and Atrazeneca L.P.'s opposition thereto, the court DENIES plaintiffs' request, for the reasons that follow.

    First, the court notes that an administrative motion is not the appropriate vehicle for resolution of the substantive arguments raised by the parties in connection with plaintiffs' request for dismissals. As Civil Local Rule 7-11 makes clear, administrative motions are reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute," typically including motions "such as motions to exceed otherwise applicable page

limitations or motions to file documents under seal, for example." See Civ. L. R. 7-11. Plaintiffs' request for dismissals, by contrast, raises substantive arguments, which cannot be adequately addressed on the short time frame contemplated by the local rule governing administrative motions.

For example, the court notes that plaintiffs fail to specifically address the fact that two of the cases at issue, the instant Hess v. Astrazeneca Pharm. et al., and Buchanan v. Astrazeneca Pharm. et al., C 06-623 PJH, were explicitly named in and subject to the Transfer Order filed by the Judicial Panel on Multidistrict Litigation on July 6, 2006. As such, it is not clear that the court currently maintains jurisdiction to grant plaintiffs' request. In addition, although seven of the eight above-referenced cases name at least one additional defendant, as plaintiffs point out in a footnote, it is unclear that those defendants have been properly served with plaintiffs' administrative motion, or otherwise given the opportunity to present argument with respect to plaintiffs' request.

Moreover, the court is specifically concerned that plaintiffs, after seeking to avail themselves of the multidistrict litigation procedures, now seek summary dismissal of the same cases which they sought to have transferred pursuant to the MDL statutes. While plaintiffs are generally correct that they are entitled to make strategic litigation decisions, it is not clear to the court at this juncture whether the "tactical advantage" that plaintiffs may be seeking through dismissal is, or should be, warranted.

In short, the above issues require a substantive discussion on the merits of plaintiffs' request, and the consideration that a properly noticed motion affords. Indeed, these issues confirm the general impropriety of plaintiffs' use of an administrative motion here, as the administrative motion procedure fails to give the parties – and specifically, the non-responding defendants here – adequate opportunity to be heard.[1]

---

[1] While the court understands that plaintiffs may have been motivated to utilize the administrative motion procedure in order to seek expedited relief, plaintiffs should have sought expedited relief by filing an administrative motion to have a properly noticed motion seeking dismissal heard on shortened time.

1    For the above reasons, the court DENIES plaintiffs' administrative request for an
2 omnibus order granting dismissal of the eight above-referenced cases.  With respect to the
3 two cases specifically noted above that are already subject to the July 6, 2006 Transfer
4 Order issued by the Judicial Panel on Multidistrict Litigation, plaintiffs' request is denied
5 with prejudice.  With respect to the remaining 6 cases (which defendants have identified as
6 potential tag-along cases), plaintiffs are free to re-file a properly noticed motion – pursuant
7 to the normal 35 day briefing schedule – seeking dismissal of those cases.

**IT IS SO ORDERED.**

Dated: July 25, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge